UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
- Southern Division -

| | |
|---|---|
| NEXomni, LLC<br>9803 DePaul Drive<br>Bethesda, Maryland  20817<br><br>      Plaintiff,<br><br>v.<br><br>Best Buy Co., Inc.<br>7601 Penn Ave South<br>Richfield, Minnesota 55423<br><br>Time Warner, Inc.<br>75 Rockefeller Plaza<br>New York, NY 10019<br><br>Serious USA, Inc.<br>156 E. 38th Street<br>New York, NY 10016<br><br>Serious Europe<br>156 E. 38th Street<br>New York, NY 10016<br><br>Serious Asia PTE. Ltd.<br>156 E. 38th Street<br>New York, NY 10016<br><br>      Defendants. | Case No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### Jurisdiction

1.     Plaintiff NEXomni, LLC ("NEXomni") is a limited liability company which maintains its principal place of business within this judicial district.

2.     Defendant Best Buy Co., Inc. ("Best Buy") is a Minnesota corporation which operates a number of retail establishments in this judicial district.

3.     Upon information and belief, Time Warner, Inc. ("Time Warner") is a corporation which has its principal place of business in New York but which regularly does business in this judicial district in regard to many of its lines of business.

4.     Serious USA, Inc. is a corporation which has its principal place of business in New York.  Serious Europe is a corporation which has its principal American place of business in New York.  Serious Asia PTE, Ltd. is a corporation which has its principal American place of business

in New York. Serious USA, Inc., Serious Europe and Serious Asia PTE, Ltd. may be referred to herein collectively as the "Serious Defendants." The Serious Defendants regularly sell the accused devices in this judicial district and/or induce others to infringe the Patent in suit in this judicial district.

5.      This case arises under the Patent laws of the United States of America and this Court has jurisdiction pursuant to 28 U.S.C.1331 and 1338.

6.      Personal jurisdiction and venue are predicated in part in that, upon information and belief, Defendants Serious Europe and Serious Asia PTE, Ltd. are aliens within the meaning of 28 U.S.C. 1391(d).

7.      Personal jurisdiction and venue are appropriate in this Court in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated and it is a judicial district in which Defendant Best Buy may be found and there is no other district in which all Defendants may be found, all within the meaning of 28 U.S.C. 1391, and this is a civil action for patent infringement where Defendants have committed acts of infringement in this district and in which district Defendant Best Buy has regular and established places of business within the meaning of 28 U.S.C. 1400(b).

Claim

8.      At all times relevant hereto NEXomni has been and is the owner of U. S. Patent No. U.S. Patent No. 5,844,757 reissued as RE38,290 (the "Patent"). A copy of the Patent is attached hereto and incorporated herein as Exhibit 1 at Tab 1.

9.      The subject matters of the Patent include all non-circular computer readable storage devices including, without limitation non-circular CD-ROMS (CDs). All of the accused devices herein are non-circular CDs that are computer readable. Each is shaped like a traditional baseball trading card and is used by being inserted into a computer.

10.     Defendants Serious USA, Inc., Serious Europe, and Serious Asia PTE, Ltd., are affiliated entities with offices in New York, New York. The Serious entities are engaged in the business of manufacturing, importing the accused devices into the United States of America, offering the accused devices for sale and selling them.

-2-

11.     Defendant Time Warner, Inc. is engaged in the entertainment business and in that regard it makes and distributes feature motion pictures for theatrical release and makes, distributes and sells DVD versions of the same motion pictures to consumers or to retailers for resale to consumers.

12.     Defendant Best Buy is a national retailer which operates "big box" retail stores, a number of which are located in this judicial district.

13.     Upon information and belief, Best Buy and Time Warner are parties to a joint venture regarding the sale of DVD versions of some of Time Warner's films.   In some of the packages containing such DVD's,  Defendants include and have included the accused devices which contain material related to the film shown on the DVD.

14.     Upon information and belief, Defendants have included the accused devices in the same packages with the DVD versions of at least of the following films: "Spy Kids 3D," "Lord of the Rings Two Towers," "Spiderman," "Final Fantasy," "Men in Black II," "Stewart Little 2," "The Scorpion King," "Planet of the Apes," "Star Gate SG-1," "Terminator T3," and "Matrix 3."  A photocopy of a package including such a DVD and CD is attached hereto and incorporated herein as Exhibit 2 at Tab 2.

15.     Upon information and belief, in each instance the accused devices sold by Best Buy and Time Warner were manufactured by and sold to them by the Serious Defendants.  Upon information and belief, the accused devices were shipped to Maryland by the Serious Defendants.

16.     Best Buy sells or has sold and offers or has offered for sale the accused devices in each of its Maryland stores pursuant to its arrangement with Time Warner.

17.     In addition to the accused devices included in the DVD packages aforesaid, the Serious Defendants have made, imported, sold and offered for sale numerous other CDs that are related to popular movies.  These accused devices are sold independently of the DVD's.  A listing of such CD's offered by the Serious Defendants is found in Exhibit 3, at Tab 3 which is attached hereto and incorporated herein.  Upon information and belief, these CDs are also products of the Time Warner/Best Buy joint venture.

18.     In addition to the film related accused devices, the Serious Defendants have made, imported, sold and offered for sale numerous sports related CDs which infringe the Patent.  These

products include "NFL CD CARDZ" and "NHL Stars 2003." Advertising material related to these sports cards are attached as Exhibit 4 at Tab 4.

19.     In addition to the entertainment and sports related CD's, the Serious Defendants sell blank CDs which infringe the Patent. Attached hereto and incorporated herein as Exhibit 5 at Tab 5, are advertisements promoting the sale of such blank infringing devices.

20.     The Serious Defendants advertise the accused devices for sale in Maryland and upon information and belief have sold such devices to purchasers in Maryland.

21.     As the owner of the Patent, NEXomni has the right to exclude all others from importing, using, selling or offering to sell devices in the United States that are subject of the claims of the Patent. None of the Defendants has the right to make, sell, offer to sell, import or use the accused devices without the permission of NEXomni as the patent owner and NEXomni has not been asked for its permission nor has it granted any such permission to any of the Defendants.

22.     NEXomni issued a cease and desist letter to the Serious Defendants. The Serious Defendants have acknowledged through counsel that they were aware of Plaintiff's Patent and despite that knowledge, the Serious Defendants have continued to sell, offer to sell, manufacture, import and use the accused devices despite having been put on notice of NEXomni's Patent. The Serious Defendants have acted with the knowledge of the existence of NEXomni's Patent and thus their infringing activities were wilful and intentional.

23.     All of the unlawful conduct complained of herein has proximately and foreseeably injured NEXomni and will continue to do so unless prevented by this Court.

24.     Defendants will not stop their infringing activities and unless this Court enjoins such infringing activities.

25.     Based upon the foregoing, each of the Defendants has used, made, offered to sell, sold and/or imported into the United States of America devices which practice NEXomni's patented invention as described in the Patent during the term of the said Patent without authority of NEXomni and thus each has infringed and is still infringing the Patent.

26.     Based upon the foregoing each of the Defendants has violated 35 U.S.C. 271 and each of the Defendants is additionally guilty of inducing the other Defendants to infringe the Patent in violation of 35 U.S.C. 271(b).

Wherefore, NEXomni respectfully requests relief as follows:

A.      That the Court adjudge that Defendants have infringed the Patent.

B.      That Defendants be enjoined from further infringement of the Patent.

C.      That Defendants be required to account for their profits arising from their infringements of the Patent.

D.      That NEXomni be awarded damages against Defendants in an amount adequate to compensate NEXomni for Defendants' infringements of the Patent in an amount not less than a reasonable royalty for the use made of NEXomni's patented invention by Defendants, trebled if it is determined that the infringing activities were of a willful and intentional character, together with interest and costs as fixed by the court, as provided by 35 U.S.C.A. § 284.

E.      That Defendants be ordered to destroy all of the accused devices still within their possession custody or control.

F.      That the Court find that this is an extraordinary case within the meaning of 35 U.S.C.A. § 285, and therefore award NEXomni its legal fees.

G.      That the Court award NEXomni its costs.

H.      That the Court award NEXomni such other and further relief as to the Court seems just.

Respectfully submitted,

Robert N. Levin, Fed Bar No. 08593
Law Offices of Robert N. Levin, PC
1901 Research Boulevard
Suite 400
Rockville, MD 20850
Tel:    (301) 517-8727
Fax:    (301) 762-4056
Email:  r.levin@erols.com

Jury Demand

NEXomni demands trial by jury of all issues to triable herein.

Robert N. Levin

G:\nexomni\serious\pldg\COMPLAINT.wpd